# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

MARK A. HIGGINS,

    Plaintiff,

vs.                                            Case No. 4:09cv151-RH/WCS

RICHARD A. HIGGINS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* prisoner, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 11. Plaintiff's amended complaint now names only Defendant Higgins, a Circuit Court Judge in the Fifth Judicial Circuit, which is in Inverness, Florida. Doc. 11, p. 2. Inverness is within the jurisdiction of the Middle District of Florida, and while the case could be transferred there, it would be a waste of judicial resources to do so as will be explained below.

Plaintiff claims that Judge Higgins's ruling during his criminal trial, to exclude the child victim's allegedly false prior allegations of sexual abuse, denied Plaintiff due process. Plaintiff acknowledges having raised this claim in his Rule 3.850 post-

conviction motion. Doc. 11. Plaintiff also seeks to challenge Florida's rape shield statute, FLA. STAT. § 794.022, as being vague and ambiguous. *Id.* Plaintiff wants a declaratory judgment concerning the statute and for Defendant to pay fees and costs. *Id.*

While Plaintiff has not challenged his conviction, Plaintiff may not challenge harm from a criminal trial, alleging due process violations, if the finding would undermine the criminal conviction. *See* Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973)(prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). In Heck, the Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003), *quoting* Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487, 114 S.Ct. at 2372.

An attack on alleged deficiencies in evidentiary rulings in the criminal trial which resulted in Plaintiff's incarceration in is essentially a *habeas corpus* claim as it is

collaterally challenging the ensuing conviction.  Such a claim must first be brought through the filing of a habeas petition under 28 U.S.C. § 2254.  Because <u>Heck</u> has clearly held that there is a "favorable termination requirement" in a § 1983 action which, in this case, Plaintiff has not shown, *see* <u>Harden</u>, 320 F.3d at 1294, this case must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, it is **RECOMMENDED** that Plaintiff's amended complaint, doc. 11, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 22, 2009.


  s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**